UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Kenneth Marshall Lee, | ) | C/A No. 4:15-cv-04711-BHH-KDW |
| | ) | |
| Plaintiff, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| vs. | ) | |
| | ) | |
| Acting Director Beth Cobert, United States Office of Personnel Management, | ) ) | |
| | ) | |
| Defendant. | ) | |

This is a civil action filed pro se. The case is presently before the undersigned magistrate judge for report and recommendation following pre-service review. *See* Local Civil Rule 73.02(B)(2)(e) (D.S.C.); *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (pleadings by non-prisoners should also be screened).

I.      Factual Background

Kenneth Marshall Lee ("Plaintiff") is a former federal employee who is dissatisfied with the progress of the application for federal retirement benefits that he filed on May 5, 2015 with the United States Office of Personnel Management ("OPM"). Compl. 4, ECF No. 1; ECF No. 1-1 at 2-8. He alleges that OPM employees have mishandled the application and have created unnecessary delays and have caused him to incur unreasonable expense and mental stress arising from his attempts to satisfactorily resolve certain issues relating to the proper calculation of his federal pension. There is no indication from the pleading that Plaintiff has received a final decision from OPM regarding his pension calculation or that he appealed such a final decision to the Merit Systems Protection Board ("MSPB") or that he filed an appeal from any MSPB decision to the Federal Circuit Court of Appeals. Plaintiff asks this court to order OPM to

1

provide him with his "full annuity"; he also asks for an award of damages. ECF Nos. 1 at 4; 1-1 at 9.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint herein in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.1978).

This court is required to liberally construe pro se documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). Even under this less stringent standard, however, the pro se Complaint filed in this case is subject to summary dismissal.

III.    Discussion

Liberally construed, Plaintiff's allegations and the relief he seeks are in the nature of mandamus.[1] *Black's Law Dictionary* (10th ed. 2014) defines mandamus as "[a] writ issued by a

---

[1] On his civil cover sheet, Plaintiff indicted that the nature of his lawsuit is one under "Federal Employers' Liability." ECF No. 2. However, his allegations do not fall within that type of lawsuit because the "Federal Employer's Liability Act" does not address the OPM pension-calculation process. Instead, that Act covers personal injury claims asserted by railroad employees against their employers. *See Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 542-43 (1994). Moreover, no plausible *Bivens* claim is stated against Defendant because there are no allegations that she, personally, violated any of Plaintiff's constitutional rights. *See Bivens v. Six*

2

superior court to compel a lower court or a government officer to perform mandatory or purely ministerial duties correctly." It is well settled that a writ of mandamus is a drastic remedy that is used by courts only in "exceptional circumstances." The writ is infrequently used by federal courts, and its use is usually limited to cases when a federal court is acting in aid of its own jurisdiction. *See* 28 U.S.C. § 1361; *Gurley v. Super. Ct. of Mecklenburg Cnty.*, 411 F.2d 586, 587-88 & nn.2-4 (4th Cir. 1969). The United States Supreme Court has discussed the extraordinary nature of the mandamus writ and the fact that only in exceptional circumstances may it be issued as follows:

> In order to insure that the writ will issue only in extraordinary circumstances this Court has required that a party seeking issuance have no other adequate means to attain the relief he desires, *ibid*.; *Roche v. Evaporated Milk Assn*., *supra,* 319 U.S., at 26, 63 S. Ct., at 941, and that he satisfy the "burden of showing that [his] right to issuance of the writ is 'clear and indisputable.' " *Bankers Life & Cas. Co. v. Holland*, *supra*, 346 U.S., at 384, 74 S. Ct., at 148, *quoting United States v. Duell*, 172 U.S. 576, 582, 19 S. Ct. 286, 287, 43 L.Ed. 559 (1899). In short, our cases have answered the question as to the availability of mandamus in situations such as this with the refrain: "What never? Well, hardly ever!"

*Allied Chem. Corp. v. Daiflon, Inc*., 449 U.S. 33, 35-36 (1980).

---

*Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983: federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. *Harlow v. Fitzgerald*, 457 U.S. 800, 814-20 (1982). Case law involving § 1983 claims is applicable in *Bivens* actions and *vice versa*. *See Farmer v. Brennan*, 511 U.S. 825 (1994); *see also Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Turner v. Dammon*, 848 F.2d 440, 443-44 (4th Cir. 1988). The doctrine of vicarious liability of a supervisor for the acts of his or her subordinates is not generally applicable in *Bivens* or § 1983 cases. *See Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *see also Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976) (a § 1983 plaintiff must show that he suffered a specific injury as a result of specific conduct of a defendant, and an affirmative link between the injury and that conduct);*Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (for an individual to be liable under § 1983, it must be affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights).

The Fourth Circuit has also emphasized that the availability of an alternative remedy is central to the consideration of whether the case is exceptional enough to warrant issuance of a writ of mandamus. That court has held that when there is an alternate way for the petitioner to obtain the relief he desires, mandamus will not lie. *See In re Braxton*, 258 F.3d 250, 261 (4th Cir. 2001); *In re Catawba Tribe*, 973 F.3d 1133, 1137 (4th Cir. 1992); *In re Int'l Precious Metals Corp.*, 917 F.2d 792, 794 (4th Cir. 1990).

A federal employee or former federal employee is strictly limited to the administrative process and judicial review of such process established by Congress, which is set out in federal statutes at 5 U.S.C. §§ 7703(b)(1), 8347(b), (d)(1), and 28 U.S.C. § 1295(a)(9). This statutory process requires that disputes concerning the calculation of federal pensions must, initially, be determined administratively through a final decision by OPM, 5 U.S.C. § 8347(b), and that OPM's final decision may then be appealed to the MSPB, 5 U.S.C. §§ 7703 (a)(1), 8347(d)(1). The only judicial review available for the MSPB's decision is an appeal to the Federal Circuit Court of Appeals. 28 U.S.C. § 1295(a)(9). The United States Supreme Court and other lower federal courts have held that the process established by Congress under these statutes is the only way that federal employees or former federal employees may obtain review of OPM's decisions regarding the calculation of federal retirement benefits. *See Elgin v. Dep't of Treasury*, 132 S. Ct. 2126, 2133-34 (2012); *United States v. Fausto*, 484 U.S. 439, 444-45 (1988); *Fornaro v. James,* 416 F.3d 63, 66 (D.C. Cir. 2005); *see also Anthony v. Office of Pers. Mgmt.*, 524 F. App'x 634, 636 (Fed. Cir. 2013).

As Plaintiff is objecting to OPM's requests for additional information from him or his former employing agencies, it appears that Plaintiff's application for retirement benefits has only been pending before OPM for approximately six months and that it is still in the investigatory or preliminary stages. Accordingly, it is obvious that Plaintiff did not exhaust any of his available

4

remedies before becoming frustrated with OPM's process and attempting to have this court intervene. Moreover, even if Plaintiff has obtained a final decision on his pension from OPM and had that decision reviewed by the MSPB, this court would not be the proper court to review the MSPB's decision. Plaintiff is limited to obtaining judicial review of the OPM calculation process from the Federal Circuit Court of Appeals and not from any district court in absence of a plausible claim of actionable discrimination in the process. *See Matsuo v. United States*, 416 F.Supp.2d 982, 998-99 (D. Haw. 2006); *Rodriguez v. United States*, No. 3:14-CV-01193-NT, 2015 WL 5008306, at *2 (D.P.R. Aug. 20, 2015); *Cruz v. United States*, No. 1:09-79, 2012 WL 3573659, at *6 (D.V.I. Aug.13, 2012). Because it is clear that Plaintiff has an adequate alternative remedy for consideration of his claims against OPM's pension-calculation process which he has not used, this court is without subject-matter jurisdiction to consider his allegations or award the relief requested.

IV.     Recommendation

Since February 1, 1999, all pro se pleadings have been screened by the United States Magistrate Judges in this district, notwithstanding payment of the full filing fee. Because there is no federal jurisdiction over Plaintiff's claims, this case should be summarily dismissed. *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966); *Denton v. Hernandez*; *Neitzke v. Williams*; *Haines v. Kerner*.

IT IS SO RECOMMENDED.

November 24, 2015                                  Kaymani D. West
Florence, South Carolina                           United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).