IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kenneth Marshall Lee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 4:15-4711-BHH |
| ) | |
| Acting Director Beth Cobert, United ) | **ORDER** |
| States Office of Personnel ) | |
| Management, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Kenneth Marshall Lee's pro se complaint seeking an order instructing the United States Office of Personnel Management ("OPM") to credit him with his full retirement annuity and seeking damages for OPM's alleged mishandling of his application for federal retirement benefits. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary determinations. On November 24, 2015, Magistrate Judge Kaymani D. West issued a report and recommendation ("Report") outlining Plaintiff's complaint and recommending that the Court summarily dismiss this matter for lack of jurisdiction.

In her Report, the Magistrate Judge noted that Plaintiff's allegations are in the nature of mandamus, and that central to the issue of whether a particular case warrants the exceptional remedy of mandamus is whether an alternative remedy is available. Here, as the Magistrate Judge noted, a federal employee or a former federal employee is strictly limited to the administrative process and associated judicial review as established by Congress. *See* 5 U.S.C. §§ 7703(b)(1), 8347(b) and (d)(1), and 28 U.S.C. § 1295(a)(9).

This statutory process requires that a dispute concerning the calculation of a federal pension first be resolved administratively through a final decision by OPM, 5 U.S.C. § 8347(b); only then may OPM's final decision be appealed to the Merit Systems Protection Board ("MSPB"). Lastly, the only judicial review available for the MSPB's decision is an appeal to the Federal Circuit Court of Appeals. 28 U.S.C. § 1295(a)(9). In light of these rules, the Magistrate Judge determined that this Court lacks jurisdiction to consider Plaintiff's claims.

Plaintiff filed written objections to the Magistrate Judge's Report on December 8, 2015. The Court is charged with making a de novo determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). After filing written objections, Plaintiff also filed various letters and exhibits indicating that he attempted to appeal OPM's determination of benefits to the MSPB, but that the MSPB dismissed the appeal on March 30, 2016, based on OPM's assertion that it had not issued a final decision on the issues Plaintiff sought to have reconsidered. (*See* ECF No. 19-1 at 3.)

After review, the Court finds Plaintiff's objections to be without merit and agrees with the Magistrate Judge that the Court lacks jurisdiction to consider Plaintiff's claims. First, as the Magistrate Judge noted, Plaintiff has an adequate alternative remedy, which it appears he is in the process of pursuing. Second, as the exhibits submitted by Plaintiff demonstrate, it does not appear that OPM has issued a final reconsideration decision. *See Anthony v. Office of Personnel Mgmt.*, 524 F. App'x 634, 636 (Fed. Cir. 2013) (noting that a reconsideration decision by OPM qualifies as an appealable, final decision, but that

2

the MSPB lacks jurisdiction of a rescinded reconsideration decision).  Once OPM issues a final reconsideration decision, Plaintiff may appeal the decision to the MSPB if necessary. Then, the only judicial review available to Plaintiff (if necessary) would be an appeal to the Federal Circuit Court of Appeals, not an appeal to the District of South Carolina.  Because the Court agrees with the Magistrate Judge that the Court lacks jurisdiction to consider Plaintiff's claims, the Court hereby adopts the Magistrate Judge's Report (ECF No. 9) and summarily dismisses this action.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 12, 2016
Charleston, South Carolina